FILED
9/30/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JMK

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 1:21-CR-00614 |
| | ) | |
| v. | ) | Violations: Title 15, United States |
| | ) | Code, Sections 78j(b) and 78ff; |
| KEITH WAKEFIELD | ) | Title 17, Code of Federal |
| | ) | Regulations, Section 240.10b-5 |

JUDGE SEEGER
MAGISTRATE JUDGE GILBERT

The UNITED STATES ATTORNEY charges:

1. At times material to this Information:

   a. Defendant KEITH WAKEFIELD resided in Chicago, Illinois and was the head of the Fixed Income Department at the Chicago office of Company A, an SEC-registered broker-dealer.

   b. Company A managed funds for customers, executed trades on its customers' behalf, and engaged in certain proprietary trading with Company A's own funds.

   c. Individual A was Company A's Chief Executive Officer and majority owner and, in that role, supervised WAKEFIELD and established the scope of trading authority for WAKEFIELD and others at Company A. Individual A expressly prohibited WAKEFIELD from engaging in United States Treasury bond trades that involved risk to Company A's funds or any other speculative securities trading.

   d. Company A contracted with two "clearing brokers"—namely, Clearing Broker 1 and Clearing Broker 2—which provided back-office operations for

Company A, including record keeping, trade confirmation, and transaction settlement.

2. Beginning no later than January 2017, and continuing until in or about August 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEITH WAKEFIELD,

defendant herein, directly and indirectly, by the use of means and instrumentalities of interstate commerce, willfully used and employed, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; and (b) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon other persons, which scheme is further described below.

3. It was part of the scheme that WAKEFIELD knowingly and fraudulently engaged in unauthorized speculative trading in United States Treasury bonds using Company A trading accounts, and in doing so caused more than $30 million in losses to Company A and its counterparties, and WAKEFIELD further embezzled approximately $820,000 of Company A's funds by falsifying its books and records to create fake commissions that he knew did not exist and were not owed.

4. It was further part of the scheme that beginning no later than May 2019, WAKEFIELD put Company A funds at risk by engaging in speculative United States Treasury bond trades, knowing that Company A prohibited him from engaging in such transactions.

5.      It was further part of the scheme that when WAKEFIELD's unauthorized speculative United States Treasury bond trades resulted in a loss of Company A's funds, he engaged in additional unauthorized United States Treasury bond trades in an effort to recoup those initial losses. Those unauthorized United States Treasury bond trades resulted in still more losses.

6.      It was further part of the scheme that beginning no later than May 2019, WAKEFIELD took steps to conceal from Company A and its clearing brokers—Clearing Broker 1 and Clearing Broker 2—the unauthorized United States Treasury bond trades and resulting losses. For example, after executing unauthorized United States Treasury bond trades through Clearing Broker 1, WAKEFIELD entered fake off-setting trades into Clearing Broker 1's order management systems to create the false impression that WAKEFIELD had profitably traded through Clearing Broker 2 and thereby concealed that he had engaged in an unauthorized proprietary United States Treasury bond trade.

7.      It was further part of the scheme that beginning no later than January 2017 and continuing until Company A's collapse in August 2019, WAKEFIELD knowingly and falsely claimed approximately $820,000 in fictitious commissions for securities trades on behalf of Company A's customers that did not involve commensurate profit to Company A and therefore did not warrant the commission to WAKEFIELD. When doing so, WAKEFIELD knowingly falsified Company A's books and records to make it appear that the trades on behalf of Company A's customers generated profits when he knew that was not the case.

8. It was further part of the scheme that WAKEFIELD concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

9. On or about August 5, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

KEITH WAKEFIELD,

defendant herein, for the purpose of executing the scheme to defraud, in connection with the purchase and sale of securities, willfully used and caused the use of a means and instrumentality of interstate commerce, namely, WAKEFIELD used the internet to log into a Bloomberg LP electronic platform to sell short United States Treasury bonds with a par value of $10,000,000 as part of a transaction with Counterparty A;

In violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

JASON YONAN
Digitally signed by JASON YONAN
Date: 2021.09.29 12:59:42 -05'00'

Signed by Jason Yonan on behalf of the United States Attorney